UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL MARKETING GROUP, INC.; GLOBAL BUSINESS SOLUTIONS, LLC; GLOBALPAY, INC.; GLOBALPAY, LLC; GLOBALPAY BV; SYNERGY CONSULTING SERVICES, LLC; FIRST PROCESSING CORPORATION; and IRA N. RUBIN;<br><br>Defendants, and<br><br>PHOELICIA DANIELS;<br><br>Relief Defendant. | Case No. 8:06CV2272-T-30TdW<br><br>PLAINTIFF FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY *EX PARTE* MOTION FOR ORDER TEMPORARY SEALING FILE |

Plaintiff Federal Trade Commission ("Commission") requests that the Court briefly delay public disclosure of this action by temporarily sealing the file and docket. If Defendants are notified of the Commission's Emergency *Ex Parte* Motion for Temporary Restraining Order ("Motion for TRO"), they likely will act to defeat critical provisions of the Commission's proposed Temporary Restraining Order ("TRO") before the Court has the opportunity to consider the Commission's TRO motion. Specifically, Defendants will likely conceal or destroy evidence and conceal or dissipate assets, rendering largely moot the TRO's receivership, records retention and asset freeze provisions. Any harm posed by briefly

delaying public access to the file is greatly outweighed by the harm posed by Defendants' potential destruction of evidence and dissipation of assets.

Although there is a common-law right to inspect and copy judicial records, *Nixon v. Warner Communications, Inc.*, 435 U.S. 597, 597-98 (1978), this right is not absolute. *Id.* at 598. Indeed, "it may interfere with the administration of justice and hence have to be curtailed." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). A court may temporarily place papers under seal where a party seeks to accomplish something before the opposing party is given notice. *See United States v. Weidner*, No. 02-40140-01-JAR, 2004 WL 723647 (D. Kan. 2004).[1] In light of the relevant facts and circumstances of this case, it is appropriate to temporarily seal the file so that the Commission's request for *ex parte* relief can be considered without Defendants being alerted.

Defendants' deceptive conduct warrants the imposition of *ex parte* relief. Defendants are engaged in deceptive and illegal practices that cause substantial injury to consumers. As described in Plaintiff's Memorandum of Points and Authority in Support of its Motion for an *Ex Parte* Temporary Restraining Order, the Defendants provide various forms of assistance and support to fraudulent telemarketing schemes, including payment processing services, order fulfillment, and list brokering. Defendants' business practices violate Section 5 of the

---

[1] The trial court must balance the presumption of openness that attaches to judicial records against the competing interest advanced. *See United States v. Noriega*, 752 F. Supp. 1037 (S.D. Fla. 1990) (citing *Nixon*, 435 U.S. at 602, and *Newman*, 696 F.2d at 803). In determining the outcome of this balancing test, "the trial court is left to its 'sound discretion . . . a discretion to be exercised in light of the relevant facts and circumstances.'" *Noriega*, 752 F. Supp. at 1040 (quoting *Nixon*, 435 U.S. at 599).

Federal Trade Commission Act, 15 U.S.C. § 45 and the Commission's Telemarketing Sales Rule, 16 C.F.R. Part 310.

In this action, the Commission seeks restitution, disgorgement, and other equitable remedies to deprive Defendants of their ill-gotten gain. *See* 15 U.S.C. § 53. Specifically, the proposed TRO provides for an asset freeze, appointment of a receiver over the corporate defendants, expedited discovery, immediate access to Defendants' business premises, and a prohibition on the destruction of Defendants' records. The relief the Commission seeks is critical to preserving the possibility of full and effective final relief. Indeed, an asset freeze will ensure that Defendants' assets will remain available to provide consumer redress, and preservation of business records will allow the Commission to protect the public interest by giving it the opportunity to use these records to demonstrate that it is entitled to relief.

Several judges in this District have entered *ex parte* temporary restraining orders in numerous cases requesting relief similar to the order that the Commission requests in this case. *See, e.g., FTC v. Debt Mgmt. Found. Servs., Inc.*, No. 8:04-CIV-1674-T-17-MSS (M.D. Fla. July 20, 2004); *FTC v. Peoples Credit First, LLC*, No. 8:03cv2353-T (M.D. Fla. Nov. 10, 2003); *FTC v. Holloway*, No. 3:02-CV-343-J20TEM (M.D. Fla. Apr. 12, 2002); *FTC v. Para-link, Int'l, Inc.*, No. 8:00-CV-2114-T-27E (M.D. Fla. Oct. 17, 2000); *FTC v. Rothbart*, No. 99-1485-CIV-ORL-18A (M.D. Fla. Nov. 22, 1999); *FTC v. Hart Mktg. Enter. Ltd., Inc.*, No. 98-222-CIV-T-23E (M.D. Fla. Feb. 3, 1998); *FTC v. Licensed Prods. U.S.A., Inc.*, No. 97-938-CIV-ORL-22 (M.D. Fla. Aug. 4, 1997); *FTC v. Linc II, Inc.*, No. 96-642-CIV-ORL-18 (M.D. Fla. June 17, 1996); *FTC v. Regency Servs., Inc.*, No. 96-643-CIV-ORL-

22 (M.D. Fla. June 18, 1996); *FTC v. Telecomms. of Am., Inc.*, No. 95-693-CIV-ORL-22 (M.D. Fla. July 11,1995); *FTC v. Chase McNulty Group, Inc.*, No. 95-524-CIV-T-25E (M.D. Fla. Apr. 5, 1995).

The order requested in the Commission's Emergency *Ex Parte* Motion for Order Temporarily Sealing File ("Motion for Seal") provides that the seal shall be lifted no later than close of business the second day following this Court's decision on the Commission's Motion for TRO. If the TRO's asset freeze, receivership, and records retention provisions are entered, two days should allow sufficient time for financial institutions holding Defendants' assets to be served with the TRO, and for these institutions to secure these assets. Any harm caused by delaying public access to the file and docket during this brief period is vastly outweighed by the interest in preventing advance notice to Defendants that would allow them to defeat the relief requested in this case.

In the absence of a seal order, Defendants may learn of this matter and defeat in large part the purposes of the records retention and asset freeze provisions of the TRO before the Court has an opportunity to consider the Motion for TRO. Defendants could potentially learn of this action from the media (which may monitor this District's docket), their banks (which may have a policy of notifying customers about government inquiries relating to customer accounts[2]), or any other entity or individual with access to the Court's filings. Individuals

---

[2] The TRO includes a provision that requires financial institutions holding Defendants' assets to prevent the assets' withdrawal. The TRO likely will be served on such institutions immediately after it is entered.

4

involved in schemes permeated by fraud, such as the scheme operated by Defendants, are, in the Commission's experience, likely to attempt to conceal or destroy evidence, and attempt to conceal or dissipate assets if they receive advance notice of a Commission enforcement action. *See* Declaration in Support of Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order at ¶ 10. In this case, Defendants' propensity for deceiving financial institutions and misappropriating funds is demonstrated by Defendant Ira Rubin's 25-year criminal record that includes charges of theft, bank fraud, wire fraud, and money laundering. *See id.* at ¶ 8. This Court's ability to render effective, final relief by ordering consumer redress would be undermined if Defendants were to succeed in destroying evidence or dissipating assets.

Thus, for the foregoing reasons, the Seal Order is necessary to preserve the possibility of the requested relief. Accordingly, the Commission respectfully requests that the Court grant the Motion for Seal.

Respectfully Submitted,

WILLIAM BLUMENTHAL
General Counsel

DATED: *Dec. 5*, 2006

JAMES H. DAVIS
DAVID A. O'TOOLE
Federal Trade Commission
55 East Monroe Street, Suite 1860
Chicago, Illinois 60603
Voice: (312) 960-5634
Fax:   (312) 960-5600
email: jdavis@ftc.gov
       dotoole@ftc.gov

5