**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

**v.**                                                                    **Case No.  8:06-cv-2272-T-30TGW**

**GLOBAL MARKETING GROUP, INC.,**
**et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon the Unopposed Motion for Order

Authorizing the Payment of the Receiver's and the Receiver's Counsels' Fees and Expenses

for the Period from February 1, 2007, Through February 29, 2008 (Dkt. 146).  Robb Evans

& Associates LLC, the Permanent Receiver in this matter (the "Receiver") has requested the

Court to authorize payment of receivership fees and expenses for the referenced time period

(the "Second Expense Period") in the amount of $334,379.87[1].  The Court, having reviewed

the motion and supporting documentation, and being otherwise fully advised in the premises,

determines the Motion should be granted in part and denied in part.

On February 2, 2007, Stearns Bank, N.A. ("Stearns Bank") filed a third party motion

to modify and narrow the Stipulated Preliminary Injunction Order to allow Stearns Bank to

charge accounts held by Defendant Global Marketing Group d/b/a Global Processing for

---

[1]This amount includes $98,357.53 in fees and expenses to the Receiver and $236,022.34 to
the Receiver's various counsel for legal fees and expenses.

returned debit entries refunded by the bank.  In opposing Stearns Bank's motion, the Receiver and its counsel expended substantial time researching and responding to the issues raised in the motion.  After hearing oral argument from the parties on April 4, 2007, the Court entered an Order granting Stearns Bank's motion.  In granting the motion, the Court found Stearns Bank's conduct was not illegal and did not rise to a level of inequitable conduct that would have required the Court to deny setoff on equitable grounds.

Upon review and consideration, the Court determines the time expended by the Receiver and its counsel opposing Stearns Bank's motion was unreasonable and excessive as the Receiver did not have a sufficient basis for opposing the motion.  While the Court will authorize payment of fees relating to discovery and consideration of the issues, it will not approve of time spent opposing the motion.  Accordingly, the Court will not authorize payment of the following fees for time expended on the Stearns Bank matter:

    (i)    **$44,719.50** to Frandzel Robins Bloom & Csato, L.C.; and

    (ii)    **$2,800.00** to GrayRobinson, P.A.

In support of the instant Motion, the Receiver attached a spreadsheet summarizing its fees and expenses.  On pages 2 and 4 of the spreadsheet, the receiver identifies a number of "Expenses" for the applicable time period.  The Court will not authorize payment of the following expenses without further explanation and documentation: Occupancy/Equipment, Postage/Delivery, Supplies/Telephone, Tax Preparation Fees, and Bank Charges. Furthermore, the Court will not authorize a payment of $697.50 for the retroactive "reclassification" of an employee from Supporting Staff to Accounting Staff for December

2006 and January 2007.  Accordingly, the Court concludes the fees and costs sought by the

Receiver should be reduced by **$15,256.89.**[2]  The balance of fees and costs requested by the

Receiver is reasonable.[3]

It is therefore ORDERED AND ADJUDGED that:

1.      The Unopposed Motion for Order Authorizing the Payment of the Receiver's

and the Receiver's Counsels' Fees and Expenses for the Period from February

1, 2007, Through February 29, 2008 (Dkt. 146) is **GRANTED in part and**

**DENIED in part** as set forth herein.

2.      The Court hereby authorizes the following payments from the receivership

estate for fees and expenses incurred in this matter during the Second Expense

Period:

(i)      **$83,100.64** to Robb Evans & Associates, LLC, for its fees and

expenses;

(ii)     **$2,800.00** to Kaseke & Company Ltd. for legal fees;

(iii)    **$5,000.00** to Bernas Law Offices as a retainer for legal fees;

---

[2]The Court's reduction of fees for the Receiver's expenses is without prejudice.  Should it desire to move for reconsideration, the Receiver may provide the Court with appropriate explanation and documentation of the expenses sought in the identified categories.

[3]The Court notes, however, excessive time was expended filing motions to seal, including attorney time for hand delivery of documents to the courthouse.  Local counsel should be familiar with the procedure and is cautioned against attempting to charge the receivership estate for such activities in the future.

(iii)   **$129,536.17** to the law firm of Frandzel Robins Bloom & Csato, L.C.

for legal fees and expenses; and

(iv)   **$51,166.67** to the law firm of GrayRobinson, P.A. for legal fees and

expenses.

**DONE** and **ORDERED** in Tampa, Florida on June 17, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-2272.mt fees 2d period.frm