# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,  )<br>  )<br>          Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>GLOBAL MARKETING GROUP, INC., *et al.*,  )<br>  )<br>          Defendants.  )<br>  ) | Case No. 8:06-cv-2272-T-33TGW |

## FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION
## AGAINST DEFENDANT IRA RUBIN

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission"), commenced this action by filing its Complaint, followed by a First Amended Complaint, for injunctive and other equitable relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101, *et seq.*, charging that the defendants engaged in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310 ("TSR").

On December 24, 2008, the Court granted the FTC's Motion for Summary Judgment Against Defendant Ira Rubin and entered an order finding him liable for both counts of the FTC's First Amended Complaint.

The Commission now seeks the entry of a final judgment against Ira Rubin pursuant to Fed. R. Civ. P. 54. Having considered the memorandum and exhibits filed in support of the Commission's motion and the entire record in this matter, and now being fully advised in the premises, the Court **ORDERS, ADJUDGES, AND DECREES** as follows:

### FINDINGS

1. This is an action by the Commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101, *et seq.*, and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310. Pursuant to these statutes and regulations, the Commission has the authority to seek the relief contained herein.

2. The Commission's First Amended Complaint states a claim upon which relief may be granted against Defendant Ira Rubin under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101, *et seq.*, and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310.

3. This Court has jurisdiction over the subject matter of this case and all parties hereto.

4. Venue in the United States District Court for the Middle District of Florida, Tampa Division, is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b), (c), and (d).

5. The alleged activities of Defendant Ira Rubin are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6. Defendant Ira Rubin was properly served with process in this matter.

7. On December 24, 2008, the Court entered an order granting Plaintiff Federal Trade Commission's Motion for Summary Judgment Against Ira Rubin, finding him liable

for Counts I and II of the FTC's First Amended Complaint.

8. The factual allegations in the Commission's First Amended Complaint and the evidence supporting them establish that Defendant Ira Rubin violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and Sections 310.3(a)(2)(iii) and 310.4(a)(4) of the Telemarketing Sales Rule, 16 C.F.R. Part 310.

9. Defendant Ira Rubin is likely to continue to engage in the acts and practices alleged in the First Amended Complaint unless he is permanently enjoined from such acts and practices.

10. The Commission is entitled to equitable monetary relief against Defendant Ira Rubin in the amount of $8,615,185.

11. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

12. Entry of this Order is in the public interest.

13. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendant Ira Rubin, his officers, agents, servants, employees, and attorneys, and upon those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

## **DEFINITIONS**

For purposes of this Final Judgment and Order ("Order"), the following definitions shall apply:

1. **"ACH network"** shall mean the electronic funds transfer system governed by the NACHA Rules that provides for the interbank clearing of credit and debit entries to

accounts at financial institutions.

2. **"ACH debit"** shall mean any completed or attempted debit or credit to a consumer's account at a financial institution that is processed electronically through the ACH network.

3. "**ACH processing**" means the transfer of funds or attempted transfer of funds through the ACH network as either an ACH debit or a credit.

4. **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

5. **"Assisting others"** means providing any of the following goods or services: (1) providing for or arranging for the provision of mail or telephone lists that contain, incorporate, or utilize consumers' account numbers; (2) preparing or providing, or causing to be prepared or provided, telephone sales scripts or other materials for use in connection with the promotion of products or services to consumers; (3) providing, mailing or shipping, or arranging for the provision, mailing or shipping, of fulfillment products or services; (4) providing or arranging for the provision of telemarketing or computer processing services; (5) providing or facilitating the means of obtaining payment from consumers, by providing or facilitating access to the credit card or bank account payment and collection system; and (6) providing marketing or customer service support.

6. "**Client**" means any person, corporation, originator or other entity that has retained or contracted with Defendants for Defendants to provide services as a payment processor.

7. "**Consumer**" means any person whose bank account or credit card account Defendants cause (or attempt to cause) to be debited or otherwise accessed.

8. **"Defendant"** means Ira Rubin by whatever name he may be known.

9. **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate Document within the meaning of the term.

10. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

11. "**NACHA**" means NACHA - The Electronic Payments Association.

12. "**NACHA Rules**" means the NACHA Operating Rules, as amended from time to time. References herein to the NACHA Rules shall be pertinent only to ACH processing activity.

13. "**Payment processing**" means the performance of any function of collecting, charging, or transmitting a consumer's payment for goods or services by debiting or

otherwise accessing a consumer's bank account or credit card account, through the use of any payment mechanism, including but not limited to remotely created checks, ACH processing, and credit card transactions.

14. "**Payment processor**" means any person providing any payment processing services in connection with the sale or purchase of goods or services, including but not limited to depository financial institutions, third-party processors, data processing service bureaus, and any others who provide services to verify, correct or update account or bank routing data or formats.

15. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

16. **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

17. **"Receivership Defendants"** means Global Marketing Group, Inc., Global Business Solutions, LLC, Globalpay, Inc., Globalpay, LLC, Globalpay, BV, Synergy Consulting Services, LLC, First Processing Corporation, Elite Funding Group, Inc., One World Group, LLC, One World Corporation, EFT Commerce, LLC, Celsius International, LLC, Celsius, LLC, Gemini Trading Group, LLC, Gemini Trading Group, Inc., Kwikbill.Com, Ltd., Ewallet Express, Inc., One Pharm Services, Inc., Marketing Services, LLC, 17407, LLLP, 555018, LLC, Merchant Provider Solutions, LLC, Unitrade Business, LLC, and any defendant added to the receivership by subsequent order of the Court.

18. "**Remotely created check**" means any paper check not created by the paying bank and not bearing a signature applied (or purporting to be applied) by the person on

whose account the check is drawn, and shall be construed to include (without limitation) instruments known as demand drafts, bank drafts, telechecks, or sight drafts.

19. **"Telemarketing"** means a plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## ORDER

### I. PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendant, and his officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, marketing, proposed sale, or sale of any product or service, are hereby permanently restrained and enjoined from:

A. Engaging in, or assisting others engaged in, payment processing;

B. Engaging in, or assisting others engaged in, telemarketing;

C. Making, or assisting others in making, any express or implied representation or omission of material fact that is false or misleading, in any manner; and

D. Violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, as currently promulgated or as it hereinafter may be amended, including, but not limited to:

1. Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting, directly or by implication, that after paying a fee,

consumers will, or are highly likely to, receive an unsecured credit card;

2. Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), by requesting and/or receiving payment of a fee in advance of consumers obtaining a loan, credit card, or other extension of credit when the seller or telemarketer has guaranteed or represented a high likelihood of success in obtaining or arranging a loan, credit card, or other extension of credit; and

3. Section 310.3(b) of the TSR, 16 C.F.R. § 310.3(b), by providing "substantial assistance or support" to any seller or telemarketer when the person providing such assistance or support "knows or consciously avoids knowing" that the telemarketer is engaged in acts or practices that violate §§ 310.3(a) or 310.4 of the Rule, 16 C.F.R. §§ 310.3(a) and 310.4.

## II. MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A. Judgment is hereby entered against Defendant Ira Rubin in the amount of Eight Million, Six Hundred Fifteen Thousand, One Hundred Eighty-Five Dollars ($8,615,185). This monetary judgment shall become immediately due and payable by Defendant upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance;

B. All funds paid pursuant to this Section shall be deposited into a fund

administered by the Commission or its agent, to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendant's practices alleged in the First Amended Complaint. Defendant shall have no right to challenge the Commission's choice of remedies under this Section; and

      C.     The judgment entered pursuant to Subsection A of this Section for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

### III. ASSET FREEZE

**IT IS FURTHER ORDERED** that, except for funds necessary for the payment of the monetary judgment required by Section II of this Order, the assets of Defendant Ira Rubin shall remain frozen pursuant to Section III of the Amended Preliminary Injunction as to Ira Rubin entered by the Court on March 31, 2008 ("Preliminary Injunction"). The asset freeze against Defendant Ira Rubin shall remain in effect until he has made full payment of the monetary judgment required by Section II of this Order and until he has complied with the Court's show cause orders entered January 15 and January 29, 2008 [Dkt. 135 and 138].

### IV. COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED,** that Defendant shall cooperate fully with the Receiver in: (A) pursuing any and all claims by the Receiver against persons or entities other

than Defendant; (B) assisting the Receiver in defending any and all actions or claims brought against the Receiver, the Receivership Estate or the Receivership Defendants by persons or entities other than Defendant; (C) executing any documents necessary to transfer assets or ownership interests to the Receiver pursuant to the terms of this Order; and (D) refraining from any act that would interfere or impede the Receiver in execution of the performance of his duties.

## V. ASSETS HELD BY THIRD PARTIES

**IT IS FURTHER ORDERED** that in order to partially satisfy the monetary judgment set forth in Section II above, any law firm, financial or brokerage institution, escrow agent, title company, commodity trading company, automated clearing house, network transaction processor, business entity, or person that holds, controls, or maintains custody of any account or asset of, on behalf of, or for the benefit of, Defendant, or has held, controlled, or maintained custody of any account or asset of, or for the benefit of, Defendant, shall turn over such account or asset to the Commission, within ten (10) business days of receiving notice of this Order by any means, including, but not limited to, via facsimile.

## VI. CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendant, and his officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, social security number, credit card number,

bank account number, email address, or other identifying information of any person who paid any money to or received any credit-related product, program, or service from Defendant, or whose identifying information was obtained for the purpose of soliciting them to pay money to or receive services from Defendant at any time prior to the date this Order is entered, in connection with the sale or rendition of the products, programs, or services referenced in the First Amended Complaint.

*Provided, however,* that Defendant, and his officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, may provide such information to a law enforcement agency either voluntarily, or as required by any law, regulation, or court order.

## VII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.      Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, the following:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

2. posing as consumers and suppliers to: Defendant, his employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C. Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VIII. <u>COMPLIANCE REPORTING BY DEFENDANT</u>

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order,

1. Defendant shall notify the Commission of the following:

    a. Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

    b. Any changes in his employment status (including self-

employment), and any change in the ownership of the Defendant in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that the Defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of the Defendant's duties and responsibilities in connection with the business or employment; and

   c. Any changes in the Defendant's name or use of any aliases or fictitious names; and

  2. Defendant shall notify the Commission of any changes in corporate structure of any business entity that the Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which the Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

 B. One hundred eighty (180) days after the date of entry of this Order, Defendant shall provide a written report to the FTC, sworn to under penalty of perjury under the laws of the United States, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

1. The then-current residence address, mailing addresses, and telephone numbers of Defendant;

2. The then-current employment and business addresses and telephone numbers of Defendant, a description of the business activities of each such employer or business, and the title and responsibilities of Defendant, for each such employer or business;

3. Any other changes required to be reported under subsection A of this Section;

4. A copy of each acknowledgment of receipt of this Order obtained by Defendant pursuant to Section XI of this Order;

C. For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> Re: <u>FTC v. Global Mktg. Group, Inc.</u>, Case No. 8:06-cv-2272-T-33TGW; and

D. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

## IX. <u>RECORD KEEPING PROVISIONS</u>

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, in connection with any business where Defendant is the majority owner, or directly or indirectly manages or controls the business, Defendant and his officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or

participation with them, who receive actual notice of this Order by personal service or otherwise, is hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaint and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order, required by Section XI, and all reports submitted to the FTC pursuant to Section VIII.

## X. **DISTRIBUTION OF ORDER BY DEFENDANT**

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of the Order as directed below:

A. **Defendant as Control Person:** For any business that Defendant controls, directly or indirectly, or in which Defendant has a majority ownership interest, Defendant must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Defendant must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities;

B. **Defendant as Employee or Non-Control Person:** For any business where Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct; and

C. Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XI. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of December 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record
Ira N. Rubin, pro se